UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Bobby Jean Sass, | ) C/A: 2:17-1501-RMG-BM |
|---|---|
| Plaintiff, | ) **REPORT AND RECOMMENDATION** |
| vs. | ) |
| Wells Fargo Bank, N.A., | ) |
| Defendant. | ) |

The pro se Plaintiff, Bobby Jean Sass, filed a notice of removal on June 8, 2017, which purports to remove Civil Action No. 2013-CP-08-02096 from the Court of Common Pleas of Berkeley County, South Carolina. Plaintiff asserts that removal of the action she originally filed in state court is proper based on "a Right to Review pursuant to Title 5 USC subsection 702." Notice of Removal, ECF No. 1 at 1. She also argues that Defendant Wells Fargo Bank, N.A. (Wells Fargo) "is trespassing and is in violation of a Treaty known as The Articles of Confederation and of the Expatriation Act of 1868." Plaintiff claims that Wells Fargo has "filed a false claim with counterfeit securities against [Plaintiff]." Id. Additionally, Plaintiff contends that this Court has jurisdiction based on diversity of citizenship because she is an "American National" and Wells Fargo is a foreign corporation with an attorney that is a foreign agent in violation of the Foreign Agents Registration Act (FARA), Title 22 USC 611. Id. Plaintiff seeks "a declaratory judgment declaring that I am an American National, a state citizen, and an injunctive relief ordering that the judgment for relief to be invalid." Id. at 2.

On June 21, 2017, Wells Fargo filed a motion to dismiss, arguing that there is no action to be removed because the state court action was dismissed on May 8, 2017 (see ECF No. 5-1,



state action dismissed for failure to state a claim upon which relief may be granted). Wells Fargo further argues that Plaintiff chose the forum for filing her suit and acknowledged that her cause of action was wholly within the jurisdiction of the South Carolina State Court, such that her attempted removal of her case is improper. Defendant's Motion to Dismiss, ECF No. 5.

As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on June 22, 2107, advising Plaintiff of the importance of a dispositive motion and of the need for her to file an adequate response. Thereafter, Plaintiff filed a "Motion to Strike Plaintiff's [sic] Motion to Dismiss and Order Granting Defendant's Motion to Dismiss" on June 29, 2017. ECF No. 13. In her motion to strike, Plaintiff appears to argue that Wells Fargo is a foreign agent pursuant to FARA, that Wells Fargo's attorney was required to register under FARA, and that because Wells Fargo's attorney did not do so the response should be stricken. ECF No. 13.

After careful review of the filings in this case, the undersigned has determined that this action should be remanded back to the state court. "A complaint is not the appropriate vehicle for removing a case from state court to federal court," Barnard v. Plastics Reclaim Co., No. 8:08-714-HMH-BHH, 2008 WL 2076686 (D.S.C. May 9, 2008), and moreover a state court action



may be removed to federal court only by a defendant. 28 U.S.C. §§ 1441(a)[1] and 1446(a)[2]; see also Alexander v. Tulsa Public Schools, 133 F. App'x 581, 582 (10th Cir. 2005)[citing other appellate court opinions holding that a plaintiff cannot remove his or her own state-court action to federal court]. As other courts have noted, the plain language of § 1441 indicates that the right of removal is vested exclusively in a defendant. See Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 104-109 (1941)[concluding that Congress intended to limit removal under section 71 of the Judicial Code (now 28 U.S.C. § 1441) to defendants only and that a suit in which a counterclaim is filed is not removable by a plaintiff]; Palisades Collections LLC v. Shorts, 552 F.3d 327, 333 (4th Cir. 2008)["In crafting §1441(a) . . . . Congress made the choice to refer only to 'the defendant or the defendants,' a choice we must respect."]; Yonkers Racing Corp. v. City of Yonkers, 858 F.2d 855, 863 (2d Cir. 1988) ["Quite simply, a party who is in the position of a plaintiff cannot remove"]; In

---

[1]This statute provides:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the **defendant or the defendants**, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a)(emphasis added).

[2]This statute provides:

> A **defendant or defendants** desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

28 U.S.C. § 1446(a)(emphasis added).

3



re Walker, 375 F.2d 678, 678 (9th Cir. 1967) (per curiam)["No right exists in favor of a person who, as plaintiff, has filed an action in the state court, to cause the removal of such action to a federal court."].

Additionally, the Supreme Court has referred to the removal restrictions as to who may remove an action as jurisdictional, and 28 U.S.C. § 1447 provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  See Moses v. Ski Shawnee, Inc., No. A.00-3447, 2000 WL 1053568, at *1 (E.D. Pa. July 31, 2000); see also Shamrock Oil & Gas Corp., 313 U.S. at 107 [restriction to defendants of right of removal "indicat[es] the Congressional purpose to narrow the federal jurisdiction on removal"]; accord Conner v. Salzinger, 457 F.2d 1241, 1243 (3d Cir. 1972) [holding that prisoner civil rights case originally filed in state court and removed by plaintiff himself to federal court should be dismissed "for want of jurisdiction"]; In re Walker, 375 F.2d at 678 [affirming district court's holding that it was without jurisdiction as to case removed by a plaintiff].  As such, to the extent that the rule restricting the right of removal to defendants is jurisdictional, this action should be remanded pursuant to 28 U.S.C. § 1447(c).  Even if the issue is not jurisdictional, however, it is clear that the applicable statutes do not permit removal by Plaintiff.

In her notice of removal, Plaintiff raises several arguments for why she should be allowed to remove her state action to this Court.  She first argues that 5 U.S.C. § 702 provides the court with authority to review the actions of the state court.  However, Section 702 permits a party "suffering a legal wrong because of agency action, or adversely affected or aggrieved by agency action...." to name the United States as a defendant in any action.  The Court of Common Pleas for Berkeley County, South Carolina, is not an agency of the United States.  Rather, it was established

4



by Article V of the South Carolina Constitution. See S.C. Const. art. V, § 1. Accordingly, § 702 is inapplicable.

Plaintiff also claims that Wells Fargo is in violation of FARA. However, FARA merely requires that agents who lobby in the United States on behalf of "a foreign principal" disclose their affiliation. See Viereck v. United States, 318 U.S. 236, 237 (1943); Rabinowitz v. Kennedy, 376 U.S. 605, 608-10 (1964). There is no indication that Wells Fargo falls under FARA, or that FARA is applicable to the present case. As such, there is no merit in Plaintiff's argument that Wells Fargo's motion to dismiss should be stricken unless the attorney for Wells Fargo provides documents concerning registering as a foreign agent.

Plaintiff also cites the Expatriation Act of 1868 and the Articles of Confederation as a basis for jurisdiction. Congress recognized a right to expatriate in the Expatriation Act of 1868, which declared that "expatriation was the natural and inherent right of all people." Klaudt v. Dooley, No. CIV. A. 10-4091-KES, 2010 WL 5391571, at *4 (D.S.D. Dec. 22, 2010)(citing An Act Concerning the Rights of American Citizens in Foreign States, ch. 249, 15 Stat. 223 (1868)). However, "'[t]he stated purpose of the Act was to protect naturalized citizens of the United States while in foreign jurisdictions.'" Id. (quoting People v. Jones, 140 P.3d 325, 327 (Colo. App. 2006)). The Expatriation Act does not "provide rights to someone who has renounced his United States citizenship [even assuming that is what the Plaintiff is attempting to do in this case]; rather, it is intended to provide protections for naturalized American citizens abroad." Id. This court also does not have jurisdiction to hear claims under the Articles of Confederation. See Lord Noble Kato Bakari El v. United States, 127 Fed. Cl. 700, 705 (2016)[the Articles of Confederation, having been replaced by the United States Constitution, are not a valid source of law].

5



To the extent the Plaintiff seeks an injunction to enjoin a decision in her pending state action, the Anti-Injunction Act precludes any such relief. Section 2283 of Title 28 of the United States Code mandates that, except in certain circumstances, "[a] court of the United States may not grant an injunction to stay proceedings in a State court...." This Act constitutes "an absolute prohibition against any injunction of any state-court proceedings, unless the injunction falls within one of the three specifically defined exceptions [to the] Act." Vendo Co. v. Lektro-Vend Corp., 433 U.S. 623, 630 (1977) (plurality opinion). These three exceptions are injunctions: (1) expressly authorized by statute; (2) necessary to aid the court's jurisdiction; or (3) required to protect or effectuate the court's judgments. Chick Kam Choo v. Exxon Corp., 486 U.S. 140, 146 (1988); Atlantic Coast Line R.R. Co. v. Board of Locomotive Eng'rs, 398 U.S. 281, 287-88 (1970). None of these exceptions applies here.

Finally, to the extent that Plaintiff is attempting to appeal the actions or rulings of the state court in her case, federal district courts do not hear "appeals" from state court actions. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476-82 (1983)[a federal district court lacks authority to review final determinations of state or local courts because such review can only be conducted by the Supreme Court of the United States under 28 U.S.C. § 1257]; Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923). To rule in favor of Plaintiff on claims filed in this Court may require this Court to overrule and reverse orders and rulings made by the state court in her case. Such a result is prohibited under the Rooker–Feldman doctrine. Davani v. Virginia Dep't. of Transp., 434 F.3d 712, 719-720 (4th Cir. 2006); see Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 293-294 (2005); Jordahl v. Democratic Party of Va., 122 F.3d 192, 201 (4th Cir. 1997).



**Conclusion**

Based on the foregoing, it is recommended[3] that this action be remanded sua sponte to the state court for lack of subject matter jurisdiction[4] in this Court. It is also recommended that Defendant Wells Fargo's motion to dismiss (ECF No. 5) be **denied** as moot. Additionally, it is recommended that Plaintiff's motion to strike (ECF No. 13) be **denied**.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

September 7, 2017
Charleston, South Carolina

---

[3]While many Courts have held that an order of remand is non-dispositive and can be issued by a United States Magistrate Judge in a non-consent case, it is not firmly established whether the undersigned can issue an order of remand, or whether a Report and Recommendation is required. Cf. Williams v. Beemiller, Inc., 527 F.3d 259 (2d Cir. 2008)[Finding that remand orders are dispositive]; Vogel v. U.S. Office Products Co., 258 F.3d 509, 514-517 (6th Cir. 2001)[same]; First Union Mortgage Co. v. Smith, 229 F.3d 992, 996-997 (10th Cir. 2000)[same]; In re U.S. Healthcare, 159 F.3d 142, 145-146 (3d Cir. 1998)[same]; Vaquillas Ranch Company v. Texaco Exploration & Production, Inc., 844 F. Supp. 1156, 1163 (S.D.Tex. 1994); McDonough v. Blue Cross of Northeastern Pa., 131 F.R.D. 467 (W.D.Pa. 1990); City of Jackson v. Lakeland Lounge of Jackson, Inc., 147 F.R.D. 122, 124 (S.D.Miss. 1993); Long v. Lockheed Missiles & Space Co., 783 F.Supp. 249 (D.S.C. 1992). While the undersigned has issued orders of remand in some circumstances, in light of Plaintiff's pro se status, and out of an abundance of caution, this Report and Recommendation, instead of an Order, is being entered so that Plaintiff can contest remand before the District Court Judge, if she so desires.

[4]A district court is obligated to consider sua sponte whether jurisdiction is present and remand the case to state court if it determines that it lacks jurisdiction. See 28 U.S.C. § 1447(c); Fed.R.Civ.P. 12(h)(3); Ellenburg v. Spartan Motors Chassis, Inc., 519 F.3d 192, 196 (4th Cir. 2008).

7



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).